142 So. 74

# ATLANTIC COAST LINE R. CO. v. J. W. CAPPS GIN CO.

4 Div. 560.

Supreme Court of Alabama.

May 12, 1932.

Rehearing Denied June 9, 1932.

W. L. Lee, of Dothan, and A. H. Arrington, of Montgomery, for appellant.

O. S. Lewis, of Dothan, for appellee.

BOULDIN, J.

Appellee, a gin company, sued appellant, a carrier, for the alleged conversion of three carloads of cottonseed, the property of plaintiff.

When loaded in the cars a controversy arose as to the ownership of the seed and to whom bills of lading should issue. On being indemnified by one of the claimants, bills of lading were issued as per his directions, and shipments . made accordingly. The other claimant, having given notice of its claim in advance of shipment, brings this action.

The substantial issue goes to the question of ownership as between these claimants.

J. W. Whiddon, in his own name, or on behalf of his company, Buckeye Cotton Oil Company, entered into a contract with appellee, J. W. Capps Gin Company, by which money was advanced to the gin company to buy cottonseed during the ginning season of 1928.

Whiddon's version of the contract is to the effect that the seed were to be purchased for him or his company, that title should vest in him as seed were accumulated, that the price, as between him and the gin company, was to be the market price of the date the gin company was ready to make shipment.

The gin company's version is that the seed should be bought in its own right, and sold at the best price obtainable, Whiddon having a first right to purchase on meeting the price obtainable in the market.

There was no error in denying motion of defendant to exclude the following statement of the witness, J. W. Capps: "Whiddon was to deposit the money and the Capps Gin Company was to buy and sell the seed and do it by wiring different ones and asking what. was the price." The contention of appellant seems to be this shows no contract.

True, this evidence, standing alone, does not disclose the full terms of the contract as deposed by this witness, but was competent as to the terms of the contract to that extent.

It appears the cottonseed in question had gone through a fire, were salvaged from the burnt over pile of seed.

Plaintiff, appellee, claimed that after the fire Whiddon agreed to take these seeds at an agreed price, but, after loading out two cars, he rejected any further shipments, because of their unmarketable condition. That these three cars were then contracted to Southern Cotton Oil Company, and loaded on the cars for that company, when Whiddon reasserted his claim to same. Whiddon denies rejecting the seed, and sets up that the seed were his from the beginning.

While the immediate issue turned on whether he had rejected these seed, the status of the title as per the original contract entered sharply into that inquiry. Error in the above ruling cannot, therefore, be rested upon the ground that the terms of the original contract were immaterial. Indeed, as we read his testimony, Mr. Whiddon founds his claim on title as per original contract, and denies any forfeiture of such title by rejecting these seed.

Evidence of the sale of these seed to Southern Cotton Oil Company and the agreed price was properly admitted as explaining the loading of the seed on cars, and also as touching the damages suffered by the conversion.

How much the gin company owed on account for money advanced was fully disclosed in the testimony of witness J. W. Capps. Error, if any, in refusing such evidence in the first instance was cured. The same matter was covered in full by other testimony in the record.

Appellee's evidence that a bond was tendered the carrier on its behalf, and the interview between Mr. Capps and the agent on the subject, related to relevant facts as part of the transaction involved.

We can see no ground of reversal in permitting evidence that Southern Cotton Oil Company had also advanced money in aid of the ginning operations. This was a circumstance in explanation of appellee's taking the matter up with that company after. Whiddon refused the seed, if so he did.

The interview between Mr. Whiddon and Mr. Hobbs, of Southern Cotton Oil Com-

pany, disclosing that neither company had insurance on these seed, was admitted without error for whatever light it might shed on the further transactions involved. Mr. Whiddon's failure to insure was also a circumstance in connection with claim of title.

None of the assignments of error present good ground of reversal.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.